Good afternoon. May it please the courts. Jesse Evans Schroeder on behalf of petitioner Angel Araiza-Castro, who I'll refer to as Mr. Araiza. Your honors, the reason we're here is primarily found in pages three and four of the Certified Administrative Record. There are two paragraphs in those pages, the last full paragraph on page three and the last paragraph on page three that demonstrate that the agency abused its discretion in denying petitioner's request for a remand and that the agency abused its discretion in reviewing petitioner's request for continuance. Respondent stands charged with defending those two paragraphs primarily and petitioner asserts that those paragraphs are the reason that the court will find that remand is the only appropriate remedy. Your honors, this court has jurisdiction and I'll address that quickly because the respondents have raised it. We're not asking for review of the agency's denial of cancellation of removal. We're asking for a review of the agency's failure to properly consider petitioner's remand request where he was presenting or attempting to present a functionally new claim. First, he was introducing an entirely new qualifying relative, his spouse, and second, he was introducing a new claim, which I'll call the cumulative claim, which was the claim of hardship to his spouse and the existing qualifying relative, his daughter, together. To the extent that respondent suggests that the agency already properly considered the remand request as to gives no indication that it considered the cumulative claim and a cumulative claim must always be assessed. What was submitted or if anything with regard to the additional hardship to his wife? Well, so that takes us to that first full paragraph on page three. The agency applies to the remand and I want to talk about how or whether it applies to the continuance but what is in the record about any additional harm to the wife? What's in the record, Your Honor, and I can point to some specific pages, but in the immigration judge's decision, he makes findings of fact at page 73 and 74. In the motion to continue or the supporting documents attending that from page 292 to 326 and then at page 320 at 373, there's evidence that the petitioner's wife was widowed when she was in her 20s. Her prior husband died. She was left with two minor children, one of them four months old and one of them a toddler. She was pregnant when her husband passed away and petitioner stepped into her life, became her partner, helped her raise those children. They had another child together. At the time of the board's decision, they'd been together for at least a year. She'd become a resident and she would abandon her residency if she relocated to Mexico with her husband. When the board stated that there was no evidence in the record of hardship, that was flatly wrong and betrays that they absolutely did not review the record. Those conclusory statements we assert constitute an abuse of discretion.  That's true, but I want to make it very clear and I think that this is something that the respondent's brief is sort of misleading about that there was never any consideration of hardship to the petitioner's wife at any time during proceedings because she was not a qualifying relative. One of the statements that the agency makes that I find very troubling is they suggest that the immigration judge could have considered the wife as a qualifying relative or could have considered hardship to her at any time prior to the remand that we requested. That's impossible. But I don't think he did it, was to say, well, there's no point in waiting for the LPR because I'm telling you now that I would find the same, I would look, I'll look at the harm now and I can tell you it's not enough, but he didn't do that. Well, that's true, but that's also, you know, if he's talking about there's no point in waiting and I'll look at the harm now and it's not enough. I mean, there's the standard for good cause for a continuance is not that one needs to make a prima facie showing of hardship. The standard for good cause for a continuance is, is there collateral relief that's out there that if granted, if it's likely to be granted and then if granted, is it likely to materially affect the outcome of proceedings? That was the good cause. Do you think there is, that was my main question, whether there is a, some sort of a prejudice element to the continuance inquiry? Well, I think that to the extent that there is, when you make that good cause analysis, what you're looking at is, is there going to be an effect to the ultimate outcome of proceedings? And here, clearly there would be an effect. We would be able for the first time to present hardship evidence to the wife. We were precluded from doing that. And so there's a prejudice because we weren't able to present that evidence. So is there a difference as far as you're concerned between the standard in that regard that applies on the remand issue and that applies on the continuance issue? That is as to what, what we have to know about what would have come in had there been a continuance? I don't think that in either case, you have to know what would have come in had there been a continuance. I think in the remand request, what you need to know was what was in the record that was not considered by the agency. And in the continuance request, it's just a good cause analysis. Now, this court, of course, reviews the denial of a continuance for abusive discretion under the factors laid out in AHMED. And I point out that AHMED also says that there needs not be any prima facie showing to establish good cause for a continuance. And, you know, I quickly, because Your Honor, you're particularly interested in this, I would quickly run through the AHMED factors, if the court will indulge me, because I think that they're very significant. I also think that the respondent's briefing is, and the board's assertion that there were a number of continuances granted, is also somewhat misleading. To be specific about that, there was one nine-day continuance. That's correct. You say that's all there was. They say there was another one. I can't tell how long that other one was or whether it existed. So what is significant here is, and I have the dates, but what's significant is, there's the nine-day continuance. I went to the court with the petitioner when he was detained. I asked for nine days because he was going to be bonding out. Then respondents assert that the first, the second continuance, I guess, is when the court changes venue from detention to the Tucson Immigration Court. They say there's another continuance when he appears at a master calendar hearing, his first non-detained hearing, and submits written pleadings and gets a date from the court to come back and submit an application. When he appears at that hearing, where he is set to submit an application, the judge actually asks him, would you like more time to see if you can get prosecutorial discretion? And he says, no, I'd like to proceed to a merits hearing. The government has asserted that those are continuances. And I think that it's very that move a case in increasing progression towards a final trial are not continuances. And to claim that they are would pervert what we consider continuances and make the good cause standard irrelevant. Okay, go ahead. I'll reserve the balance of my time. I couldn't quite figure it out. Good afternoon. May it please the court, Dietz LaFleur on behalf of the respondent. We were respectfully asked that you deny important relevant part of the petition here. Petitioner's claim is essentially moot. Petitioner got what they were looking for, LPR status, and the IJ, the immigration judge in this particular case, considered and analyzed the hardship evidence that was never defined. First of all, he said, I don't have authority to grant the continuance. Why would that be? Um, well, looking at the Ahmed factors, there was an indefinite component in there. He asked for a definite for a four month continuance. I would respectfully disagree judge on page 286 and 287 of the record. The petitioner said the anticipate adjustment. So based on that word, there's no definitive timeline here. So that's yet one factor. That's correct. It was, but there's the key piece of the record. Your honor is that there's no new evidence. The evidence of the wreck in the There was no, well, there, the, to grant the continuance is I'm unclear about the, the, the, the lack of authority. I think the, the press of this language here was that, uh, under the factors that there was, it was a discretionary, I said, I don't have authority and there wasn't good cause. That's all he said. I'm unclear about the, uh, uh, the, the authority that the immigration judge was, uh, was referring to, but nevertheless, the immigration judge did not only deny the motion in the predicate conjunctive, but did consider the evidence in the record here. And what's telling here is that heaven didn't consider it with respect to the wife. He considered it with as an effect to the daughter, but the wife wasn't a qualifying relative at that point. That's correct. But the, but that's correct. But the judge, the immigration judge, nevertheless, in the board considered the evidence of the record and mind you judge that the, the LPR status was granted 10 days after the IJ, uh, rendered his decision at no point did petitioner ever file a motion to reopen motion to reopen could have been timely filed with the new evidence proffered. Isn't that essentially the same thing? Uh, I'm sorry. Excuse me. The board says it's a motion to reopen was never filed in this particular case. Introducing the motion to remand was filed. Um, or the motion to remand was filed, but it never introduced new evidence in the, in the, the, the motion at page two 86 and two 87 does not proffer at no point. The, the, the petitioner had essentially six opportunities here to proffer new evidence and failed to, uh, in the motion to, to continue and remand in the hearing, which the wife did not testify as evidence on page one or three, the record was not a qualifying witness. I mean, I just tell you the truth. I think this is a close case, but you're making it a less close case. The wife didn't testify. I mean, it was not a qualifying witness. So how could she testify as to her hardship when she wasn't, it wasn't a relevant question. There's no, there's, there's no regulation that would preclude her from testifying as a factual witness or, uh, or otherwise. Um, but, uh, hardship, but not on her own because it wasn't a relevant question. That's correct. Your honor. But what, what we're missing here is that, uh, and what's key is that at no point. And I checked with you as of this morning, nothing was ever filed before the board, uh, regarding a motion to remand to introduce new evidence. Petitioner had an opportunity to proffer new evidence was not a motion to introduce new evidence. Oh, if it were no court could, could, um, consider the, the, um, the hardship to the wife. Right. But that's correct. But no, no new evidence was introduced there at all. Well, yes. So that's at the plausibility stage, but it's not to say that, that when we're seeking to introduce new evidence at, at the IJ level, that's what they were doing. Well, well, the, the, on page 287, uh, the language used by petitioner was to give him an opportunity or to give her an opportunity to present hardship evidence. The question remains why on day 11, after 10 days after, uh, she was granted LPR status, no motion to reopen was ever filed. And this is dates back to 2018, three years have now passed and no motion to reopen in a sense there's, they didn't exhaust any opportunity to, to set forth new evidence. And now what they're asking, let's go back to the continuance motion. At that point, she didn't have to introduce any new evidence, right? Uh, that's, I can't answer that. Why, why, why there's, why they should wait. Uh, that's correct in the, in the continuance motion. Yeah. Some of the good call standard. That's correct. But, but, uh, uh, uh, after that in the board brief in the opening brief, there was never a reply brief filed at no point was new evidence ever proffered by petitioner. All right. But let's go back to the question of whether the denial of the continuance was an abuse of discretion. All right. At that point, he doesn't have to introduce any new evidence. He's just looking for a continuance. That's correct. Okay. Um, so it's committed to the sound discretion of the immigration judge. What did the immigration say, judge say about why he was denying the motion? Well, the, the, the immigration judge, uh, pointed out that to one at the time it was filed on January 5th, 2018, it was indefinite. It was an, that was yet one component. I'm having a hard time understanding how a request for a four month continuance is a request for an indefinite continuance. Because the petitioner says, quote, I anticipate my wife will adjust. There was no, there was no definitive language in there. After the four months, that would be different, but he didn't ask for an indefinite. But that was, that's not, that's not entirely accurate judge because it was prognostication, no evidence supporting that there were going to get an answer four months down the line. That was strictly speculation. What the BIA said was that it has to, um, first of all, the, the board says that the, um, denial of a continuance request will not be overturned unless he establishes that it was deprived in due process. Is that right? Uh, I'm, I'm not, I'm not following a due process argument that was asserted before the court. Oh, that's what the board said, unless it's a deprivation of due process. I, in what context? We know that over a three year period, the respondent had been granted several continuances. Is that true? That's correct. Uh, the first continuance was a petitioner requested on page 89 of the record, uh, on, uh, September 23rd, 2014. Can we have attorney prep? That was granted a continuance. For nine days, nine days worth of continuance, right? Um, I'm not certain this period of time, but on page. For nine days, go ahead. What else? On page 94 of the record, July 14th, 2015, the judge asked petitioner, would you like to postpone? It was postponed again, uh, until, uh, September 6th, when the judge asked again, do you want the case postponed? It was postponed that same day. The cancellation application was filed and 18, nearly 18 months later, the content, the continuance motion was filed at the 11th hour in that 18 month period. There was never mentioned. There was no mention at all from petitioner standpoint that they intended to add the spouse as a qualifying relative. Because she wasn't yet an LPR. In fact, they didn't get married until 2017, as I recall. She wasn't, but that's a grove amount of the claim is that the anticipation that she's going to be an LPR and they're going to add her as a qualifying relative. Yet here we stand today, and we have no evidence of no new evidence of hardship to the wife. And she made it clear that she was going to go. The petitioner made it clear that she would accompany her husband to Mexico. Yet we don't have, and the petitioner's counsel conceded that there's nothing new in the record. And she said that she was precluded from presenting evidence, but that that's untrue. The petitioner could have filed a motion to reopen at any point. It would have been timely with the immigration judge as soon as she was granted LPR status with new hardship evidence. What essentially what we're doing here, if the case is remanded, we're going to get the same result because the immigration judge considered and analyzed all the record evidence. And at no point did petitioner ever rebut the IJ's finding as it being essentially a motion to reopen. It just happens to occur at the time when the case is still pending. It's not, it's not, your honor. I thought there was case law essentially saying that. I understand this may still be a problem. It may be put in enough evidence even to get the motion to remand, but I don't understand. I mean, a motion to remand is to go back and and have a hearing because there's a new factor. And that's what a motion to reopen is. So what's the difference? It's not. In fact, Zhao V. Holder published decision in this court, 728 F 3rd, 1144 page 1147, specifically said that when a remand motion is filed, the numerical limitations of a motion to reopen is not implicated. Therefore, given that analysis and rationale, they're distinct. They don't do the same thing. And the requirements of those two motions are distinct. In a motion to reopen, it's the vehicle. Therefore, it doesn't tell me anything about how they're substantively different. They're substantively different because the motion to reopen is the vehicle for introducing new evidence. And that was never taken advantage of. That was never filed here. And like I said, as of this morning, you're confirmed that there's nothing pending. Is that point in your brief anywhere, that there should have been a motion to reopen instead? Um, I don't recall. No. What is your view? Well, the government, what's essentially congruent to that is in the government's brief, we made an argument that there was never an articulation of any hardship to the spouse, even subsequent to LPR status being granted. And there was never a rebuttal to the immigration judge's hardship findings. The bottom line is we're here today and there still is no new evidence that was proffered before the court. The IJ made any hardship findings about the wife? Yes, the IJ did, in fact, make hardship findings. Tell me where that is, please. Page 73, page 77 and page 78. In particular, on page 77 and 78, the immigration judge discusses how the wife has family in Mexico that's employed self-sufficient and can help out. That was also on page 142 of the record. On page 73, the immigration judge also mentions the spouse, the wife's employment status in the United States. All of those factual findings were not, those were the basis of the hardship finding vis-a-vis the wife, and those were never rebutted or challenged in any subsequent filing by petitioner. So in all, what you're looking at is the failure to file a motion, the failure to file a reply brief, coupled with evidence presented, testimonial evidence in the journal hearing, the board brief, and the brief, and that amounts to six opportunities to proffer new evidence. Aside from the court questioning petitioner's counsel today, what new evidence is there? And we still haven't heard of any new hardship evidence. So at this point, there is nothing that, despite having since the, we'll say since the motion was filed in 2018, that was three years ago. We're now well out of your time. Judge, may I briefly conclude? Sure, briefly conclude. Yes, your honor. Based on the government's arguments and the fact that there was hardship evidence considered and analyzed by the agency and no new evidence has been set forth to this point, we ask that you deny the petition before us. Thank you. Your honors, to the extent that the government asserts that hardship has been considered and could have been considered by the immigration judge and the board of immigration appeals absolutely ignores evidence in the record. There is a substantive difference, I suppose, between a motion to reopen and a motion to remand insofar as a motion to remand is submitted while the board is still actively considering the cancellation of removal case, which the board has held to be an ongoing application that is not concluded until the board has rendered a final decision. Here's the question. If it is the same as a motion to reopen to the degree that you have to demonstrate something akin to a pre-initiation case for the relief that you're seeking, your big problem here is you introduced no evidence. There was evidence in the record, your honor, and I do think it's... You're going around and going back to what you're saying that they shouldn't have done. You're saying the whole point was that the evidence, that you can't rely on the evidence in the record because it wasn't made with regard to that point. It wasn't. For example, about any emotional hardship. Well, there are several letters from the respondent's wife and her children attesting to the emotional hardship that she would endure if she lost her husband. And again, I mean, I'm not saying exactly what you're implying, your honor, because the immigration judge couldn't consider that hardship evidence, but the board in a remand request was mandated to. They had the entire record in front of them. They were reviewing the record ostensibly de novo for some discretionary decisions by the judge. And yet they said there was no evidence, no evidence in the record of any hardship. And again, I think it's really important to point out that the agency, immigration judge, and the board don't purport to make any assessment of hardship to the wife plus the daughter. And it has to be a cumulative analysis. So in other words, even if there was some quantity of hardship to the wife in the record, the board was tasked with coupling that with some quantity of hardship to the daughter that could be sufficient to tip the scale in support of those primal fascia finding for exceptional, extremely unusual hardship. That just didn't happen. And, you know, I just go back to the fact that this all arises from the immigration judge's failure to grant a very brief and very reasonable continuance and fail to articulate why. And I will also point out that the court itself, sua sponte, continued this case for a period of about 15 months cumulatively. And if Petitioner had had his final hearing in the waning days of 2016, 15 months earlier, he wouldn't have made this request. But this request was reasonable because of the position he found himself in through no fault of his own in January and then on the cusp of receiving her residency. Good. Your time is up. Thank you both for your arguments. I will also pass to you, Mrs. Wilkinson is submitted and we will go to the next argued case of the day, which is Silva-Panchel versus Wilkinson.
judges: Berzon, Christen, Bade